IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAMIDABANU NOORANI,<br><br>                              Plaintiff,<br><br>        v.<br><br>DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                              Defendant. | 8:25CV221<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff Hamidabanu Noorani ("Noorani") is an Indian national who has resided in the United States for several years. On May 26, 2024, Noorani was a victim of an aggravated assault in Houston, Texas. On December 13, 2024, he filed an I-918 Petition for U Nonimmigrant Status and a Form I-765 Application for Employment Authorization with United States Citizenship and Immigration Services ("USCIS"). *See Caballero-Martinez v. Barr*, 920 F.3d 543, 545 (8th Cir. 2019) (explaining a U visa "is a type of non-immigrant visa available to crime victims who assist law enforcement"); 8 U.S.C. §§ 1101(a)(15)(U)(i), 1184(p). He also submitted an I-918A Petition for Qualifying Family Member on behalf of his spouse and their minor child.

He filed a *pro se* complaint (Filing No. 1) a few months later claiming the USCIS has yet to adjudicate those requests in any way. In particular, he complains the USCIS has failed to issue a bona fide determination ("BFD") and employment authorization document ("EAD") that would allow him to work while his U-visa application is pending. *See* 8 U.S.C. § 1184(p)(6) (stating the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title"). Noorani asserts that delay violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*., and asks the Court to order the USCIS to "to make *bona fide* determinations and decisions on

the pending work authorization applications within 14 days." *See Telecomms. Rsch. and Action Ctr. v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) (explaining when unreasonable delay of agency action warrants mandamus relief).

Now before the Court is the USCIS Director's (the "Director") Motion to Dismiss (Filing No. 5) Noorani's complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The Director asserts, as this Court concluded in *Patel v. Director, USCIS*, 8:25CV59, Filing No. 18 (D. Neb. June 10, 2025), that 8 U.S.C. § 1252(a)(2)(B)(ii) bars the Court from considering Noorani's original claim.[1]

After that motion became ripe, Noorani—now represented by counsel—filed an amended complaint (Filing No. 13) reportedly made with the Director's consent. *See* Fed. R. Civ. P. 15(a)(2). His amended complaint adds some details about the U-visa process and the delays experienced by applicants generally. It also includes "alternative" claims for the "unlawful withholding[]" and "unreasonabl[e] delay[]" of a U-visa waitlist decision in Noorani's case. *See* 8 C.F.R. § 214.14; *Gonzalez v. Cuccinelli*, 985 F.3d 357, 363 (4th Cir. 2021) (describing the annual statutory cap placed on the number of issuable U visas and the creation of the U-visa waitlist); *Barrios Garcia v. DHS*, 25 F.4th 430, 443 (6th Cir. 2022) (explaining the U-visa waitlist is a separate track for applicants from the "BFD EAD track"). Noorani now asks the Court to order the USCIS to either issue a BFD within 14 days or make a waitlist decision in 30 days.

Noorani's amended complaint does not necessarily moot the Director's earlier motion to dismiss. *See Cartier v. Wells Fargo Bank, N.A.*, 547 F. App'x 800, 804 (8th Cir. 2013) (unpublished per curiam) (noting the question is a matter of the district court's

---

[1]Noorani filed a timely opposition (Filing No. 7) to the Director's motion to dismiss on May 27, 2025. The Director moved to strike (Filing No. 9) that response due to Noorani's failure to follow the local rules. *See* NECivR 7.1(d)(4), (5). However, the Court considered a nearly identical response brief in ruling on the same jurisdictional issue in *Patel* (Filing No. 8 in Case No. 8:25CV59). Because those arguments have already been accounted for, the Director's motion to strike will be denied.

2

discretion). "If some of the defects raised in the [Director's] original motion remain in the new pleading," the Court may simply "consider the motion as being addressed to the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2010). That route is especially fitting where patent jurisdictional defects remain. *See Thigulla v. Jaddou*, 94 F.4th 770, 773 (8th Cir. 2024) (explaining that courts must consider subject-matter jurisdiction issues *sua sponte*); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Such is the case here—at least in part. Nothing in Noorani's amended complaint alters the Court's reasoned determinations in *Patel* with respect to the availability of judicial review over claims of BFD and BFD EAD delays. *See* Filing No. 18 in Case No. 8:25CV59. Because § 1252(a)(2)(B)(ii) strips the Court of jurisdiction to consider such challenges, the first claim in Noorani's amended complaint must be dismissed.

That still leaves the separate issue of whether the Court has jurisdiction to consider claims regarding the USCIS's failure to put Noorani on the U-visa waitlist. The Director's motion to dismiss does not address that question, but it is an important one for this Court to answer before proceeding. Given that,

IT IS ORDERED:
1. The Director of United States Citizenship and Immigration Services's Motion to Strike (Filing No. 9) is denied.
2. The Director's Motion to Dismiss (Filing No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted as applied to plaintiff Hamidabanu Noorani's amended complaint (Filing No. 13).
3. Noorani's first claim challenging the USCIS's delays in making a bona fide determination and issuing him work authorization documents is dismissed without prejudice.
4. Noorani's Motion for Partial Summary Judgment (Filing No. 11) on that same claim is denied as moot.
5. The Director is ordered to file supplemental briefing addressing the Court's subject-matter jurisdiction over Noorani's remaining waitlist claims on or

before June 25, 2025. Noorani shall file any response on or before July 9, 2025.

Dated this 12th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge