IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAMIDABANU NOORANI,<br><br>                Plaintiff,<br><br>    v.<br><br>DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                Defendant. | 8:25CV221<br><br>MEMORANDUM<br>AND ORDER |

      Hamidabanu Noorani ("Noorani"), a citizen and national of India, filed Form I-918 ("I-918") Petition for U Nonimmigrant Status (a "U-visa") on December 13, 2024, but to date, no decision has been made (Filing No. 13).[1] Noorani filed this action in March 2025, seeking a court order under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, requiring the Director of United States Citizenship and Immigration Services ("USCIS") to take certain actions with respect to his petition. Specifically, Noorani wants USCIS to make what is known as a "bona fide determination" ("BFD"), *see* 8 U.S.C. § 1184(p)(6), and decide whether he should be placed on a waiting list for a U-visa. *See* 8 C.F.R. § 214.14(d)(2). He also asks this Court to declare USCIS's policy of foregoing waitlist determinations in certain U-visa cases unlawful under 5 U.S.C. § 706(1) for allegedly failing to comply with 8 C.F.R. § 214.14(d)(2). *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (explaining that a claim under the APA to compel agency action unlawfully withheld or

---

[1] The Court's previous order (Filing No. 14) used masculine pronouns to refer to Noorani based on his amended complaint (Filing No. 13), which uses masculine pronouns and refers to Noorani as "Mr. Noorani." Without explanation, the parties most-recent filings (Filing Nos. 20, 21, 22) refer to Noorani as "she." The Court will continue to use masculine pronouns until further clarification is provided.

unreasonably delayed can proceed where the agency failed to take a discrete agency action that it is required to take).

The Court dismissed Noorani's BFD claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction (Filing No. 14) because the BFD process is discretionary. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (stripping the Court of jurisdiction to consider such challenges); *see also Patel v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV59, 2025 WL 1655294, at *4 (D. Neb. June 11, 2025) (explaining that 8 U.S.C. § 1184(p)(6) "gives the Secretary [of Homeland Security][2] discretion over [employment authorization] for U-Visa applicants" under the BFD process).

At the same time, the Court ordered the parties to submit supplemental briefing addressing the Court's subject-matter jurisdiction over Noorani's remaining two waitlist claims. Both parties have done that (Filing Nos. 20, 21, 22). For the reasons that follow, the Director of USCIS's (the "Director")[3] motion to dismiss Noorani's waitlist claims under Rule 12(b)(1) (Filing No. 5) is denied.

I.  **BACKGROUND**

Congress created the U-visa program by enacting the Victims of Trafficking and Violence Protection Act of 2000 (the "Act"), codified at 8 U.S.C. § 1101(a)(15)(U). The Act permits aliens who are victims of certain serious crimes and assist law enforcement to apply for a U-visa. *See id.* § 1101(a)(15)(U)(ii). U-visa petitioners may also apply for an employment-authorization document ("EAD") by filing Form I-765 Application for Employment Authorization with their I-918.

However, Congress limited the number of available U-visas to 10,000 per year. *See id.* § 1184(p)(2)(A). When USCIS determines a petitioner is eligible for a U-visa, but

---

[2]USCIS is a component of the Department of Homeland Security.
[3]Joseph B. Edlow is currently serving as the Director of USCIS.

none is available due to the annual cap, USCIS places the petitioner on a waiting list. 8 C.F.R. § 214.14(d)(2) (explaining that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list"). USCIS's decisions to place a U-visa petitioner on the waiting list is known as a "waiting list determination" ("WLD"). *See id.* Priority on the waiting list is determined "by the date the petition was filed with the oldest petitions receiving the highest priority." *Id.* USCIS grants deferred action or parole to those on the waiting list and may also grant them an EAD. *Id.* U-visa petitioners who have not received a favorable BFD or WLD are not entitled to deferred action or an EAD based on their pending I-918.

Due to the perennial backlog of petitioners on the waiting list, USCIS developed the BFD process. *See* 8 U.S.C. § 1184(p)(6) (allowing the Secretary of Homeland Security to "grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U)"); *see also* USCIS, Policy Manual, Vol. 3, Part C, Ch. 5, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last visited November 21, 2025) ("USCIS Policy Manual"). Under the BFD process, USCIS merely determines whether the petition is "complete and properly filed" and "whether the petitioner poses a risk to national security or public safety" as opposed to conducting a full eligibility evaluation. USCIS Policy Manual. If USCIS determines the petition is "bona fide," USCIS will grant the petitioner deferred action and the opportunity to receive an EAD. *Id.*

Because a favorable BFD provides essentially the same benefits that petitioners with a favorable WLD receive, USCIS generally does not conduct WLDs for aliens to whom USCIS grants BFD deferred action and EADs. *Id.* Therefore, the next step for both petitioners with favorable WLDs and BFDs is to await final adjudication when a U-visa is available under the statutory cap. *Id.*

Noorani has yet to receive a BFD or WLD. His amended complaint asserts claims for the "unlawful withholding[]" and "unreasonabl[e] delay[]" of a WLD in his case. *See*

3

8 C.F.R. § 214.14(d)(2). He asks the Court, among other things, to (1) declare USCIS's policy of foregoing WLDs in petitions with favorable BFDs unlawful under 5 U.S.C. § 706(1) and (2) order USCIS to make a WLD in his case in thirty days.

## II.     DISCUSSION

### A.     Ripeness

The Director argues that Noorani's request for a WLD is not ripe (Filing No. 20). In the Director's view, a "BFD is the preliminary adjudicative step" and "must first be resolved before USCIS makes a WLD." And since USCIS typically reserves WLDs for petitions it deems "not 'bona fide'" and thus unworthy of discretionary interim benefits under the BFD process, the Director contends Noorani's claim that his WLD is delayed is premature. As the Director sees it, Noorani may not even need a WLD if his BFD evaluation is favorable.

To be justiciable under the case-or-controversy requirement of Article III of the United States Constitution, a case must be ripe. U.S. Const. art. III, § 2; *Trump v. New York*, 592 U.S. 125, 131 (2020). The ripeness doctrine prevents courts from "entangling themselves in abstract disagreements over administrative policies" and protects "agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Sch. of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 998 (8th Cir. 2022) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)).

To demonstrate that his request is ripe for review, Noorani must show both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* Noorani's WLD claims are fit for judicial review if they "would not benefit from further factual development and pose[] a purely legal question not contingent on future possibilities." *Id.* To satisfy the hardship prong, Noorani must show he "has sustained or is immediately in danger of sustaining some direct injury" due to USCIS's allegedly unreasonable delay or withholding of a WLD. *Hughes v. City of*

*Cedar Rapids, Iowa*, 840 F.3d 987, 992 (8th Cir. 2016) (quoting *Abbott Labs.*, 387 U.S. at 148). A case is not ripe when it is depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump*, 592 U.S. at 131 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

Here, the Director identifies the contingent future event as the discretionary BFD process. In his view, a favorable BFD eliminates the need for a WLD. The Director notes that USCIS has yet to decide whether Noorani is entitled to deferred action and an EAD through the BFD process. If USCIS determines that Noorani's U-visa petition is bona fide, he would no longer need to seek a WLD to obtain those benefits. *See Argueta v. Jaddou*, No. 4:23-CV-3002, 2023 WL 8082113, at *6-7 (D. Neb. Nov. 21, 2023) (concluding that U-visa petitioners who have received favorable BFDs lack an injury-in-fact to bring a WLD claim because they have received the same benefits as petitioners with a favorable WLD), *reconsideration denied*, No. 4:23-CV-3002, 2024 WL 639863, at *1 (D. Neb. Feb. 15, 2024). Therefore, it would be premature, the Director contends, to order a WLD for Noorani when USCIS has not even conducted a BFD.

Noorani counters that his waitlist claims are ripe because the discretionary BFD process does not eliminate USCIS's regulatory duty to make WLDs. *See* 8 C.F.R. § 214.14(d)(2) (stating that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a waiting list") (emphasis added). Noorani contends no additional facts are necessary for the Court to review this legal question of whether a policy statement can eliminate a regulatory duty. He argues he has established hardship because as long as his WLD is delayed or withheld, he does not have the protection from physical removal that deferred action provides, nor does he have the ability to qualify for an EAD—and by extension a social security number and driver's license.

The Court is not persuaded by the Director's argument that Noorani's WLD claims are "contingent" on the BFD process. While a speedy and favorable BFD may deprive

5

some U-visa petitioners of the requisite injury-in-fact to bring a WLD claim, that is not the case here. Noorani has not had a BFD—favorable or otherwise. The waiting-list regulation states that eligible petitioners who are not granted a U-visa due to the cap "must" be placed on the waiting list. 8 CFR § 214.14(d)(2). The plain language of the regulation does not limit WLD eligibility to petitioners who received an unfavorable BFD. Thus, the Court does not see the BFD process as a contingent future event. *See generally Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441 (6th Cir. 2022) (noting that USCIS "wields sole and unadulterated discretion to set forth, abide by, and eliminate the BFD process").

Furthermore, Noorani's amended complaint alleges that USCIS is both unlawfully withholding his WLD in favor of the BFD process and unreasonably delaying his WLD. Noorani's WLD is currently delayed. And the Director does not deny that USCIS might not even conduct a WLD for Noorani. Indeed, that is the Director's principal argument—that USCIS may not need to conduct a WLD for Noorani. Noorani's WLD claims represent a challenge to actual agency delay and inaction, not a speculative delay. Noorani has also established that he experiences the hardship because he lacks deferred action and the opportunity to pursue an EAD. The Court therefore concludes that Noorani's WLD claims are ripe.

### B. Failure to State a Claim

Lastly, the Director's supplemental briefing on the Court's subject matter jurisdiction (Filing No. 20) states Noorani's WLD claims "alternatively, fail[] to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). However, this argument is not accompanied by a motion. A new argument embedded within a brief is not a proper way to request dismissal. *See* Fed. R. Civ. P. 7(b)(1).

Under Rule 7(b)(1), a request for a court order must be made by motion. The motion must be in writing; state with particularity the grounds for seeking the order; and state the relief sought. *See id.*; *see also* NECivR 7.1 (explaining that a substantial issue

of law must be supported by a separate brief, filed, and served with a motion). Because arguments inserted into a brief do not constitute a motion, the Court need not consider the Rule 12(b)(6) issue here. *See also Wolgin v. Simon*, 722 F.2d 389, 394 (8th Cir. 1983) (concluding that the request for leave to amend embedded in a brief in opposition was not a proper motion and the trial court did not abuse its discretion by denying the request).

Moreover, the embedded Rule 12(b)(6) argument fails to identify precisely which WLD claim is to be dismissed for failure to state a claim. The Director repeatedly refers to Noorani's WLD claims in the singular. It is not entirely clear to the Court whether the Director seeks to dismiss Noorani's second claim that the policy of withholding WLDs in U-visa petitions with favorable BFDs is unlawful or Noorani's third claim that USCIS has unreasonably delayed a WLD in his case—or both. Because the Director's argument does not state with particularity the relief sought, it does not comply with Rule 7(b)(1).

Accordingly, the Director of United States Citizenship and Immigration Services's Motion to Dismiss (Filing No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) as applied to plaintiff Hamidabanu Noorani's second and third claims in challenging USCIS's withholding of waitlist determinations and delay in making waitlist determinations in Noorani's amended complaint (Filing No. 13) is denied.

IT IS SO ORDERED.

Dated this 25th day of November 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge